IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACEY N. CRAIG                                                                                    PLAINTIFF

vs.                                        Civil No. 6:21-cv-06001

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                           DEFENDANT

## MEMORANDUM OPINION

Stacey Craig ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 17. These references are to the page number of the transcript itself not the ECF page number.

**1.     Background:**

Plaintiff protectively filed her disability application on August 6, 2018, alleging onset date of October 2, 2016. (Tr. 25, 97-98, 114-115). In her application, Plaintiff alleges being disabled due to fibromyalgia, psoriatic arthritis, post-traumatic stress disorder ("PTSD"), depression, bone density, and back issues. (Tr. 97-98, 114-115). Her application was denied initially on March 15, 2019 and was denied again upon reconsideration on July 16, 2019. (Tr. 132-134, 141-143). Plaintiff subsequently requested an administrative hearing, and this hearing request was granted. (Tr. 144-152). Plaintiff's administrative hearing was held on March 12, 2020, in Hot Springs, Arkansas. (Tr. 56-91). At this hearing, Plaintiff was present and represented by counsel, Shannon Muse Carroll. *Id*. Plaintiff and Vocational Expert ("VE") Kola Brown testified at this administrative hearing. *Id*.

On May 11, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 22-42). In his decision, the ALJ found Plaintiff had not engaged in substantial gainful activity ("SGA") since August 6, 2018, her alleged onset date. (Tr. 27, Finding 1). The ALJ determined Plaintiff was forty-one (41) years old at the time she filed her application, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 41, Finding 6). The ALJ found Plaintiff had a high school education was able to communicate in English. (Tr. 41, Finding 7).

The ALJ then determined Plaintiff had the following severe impairments: obesity, degenerative changes of the lumbar and cervical spine, fibromyalgia, pain syndrome, psoriasis versus psoriatic arthritis, depression, anxiety, PTSD, and personality disorder. (Tr. 27, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 28, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 32, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), except she can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally be exposed to extreme cold and vibration; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or dangerous moving machinery; can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every two hours; can interact as needed with supervisors and coworkers; can occasionally interact with the public; can adapt to routine work conditions and occasional work place changes.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 41, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 41-42, Finding 9). Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) addresser (sedentary unskilled) with 3,000 such jobs available in the national economy; (2) document preparer (sedentary unskilled) with 19,000 such jobs available in the national economy; and (3) circuit board assembler (sedentary unskilled) with 3,000 such jobs in the national economy. (Tr. 42, Finding 9).

Because Plaintiff retained the capacity to perform this other work existing in the significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 6, 2018, through the date of his decision or through May 11, 2020. (Tr. 42, Finding 10).

Plaintiff requested the Appeals Councils review of the ALJ's unfavorable disability determination. On November 24, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On January 4, 2021, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on January 8, 2021. ECF No. 8. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).  A claimant must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 416.920(a)-(f).  The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. § 416.920(a)(4)(v).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) whether the ALJ properly evaluated Plaintiff's pain, symptoms, and subjective allegations; (2) whether substantial evidence supports the ALJ's RFC assessment; and (3) whether the ALJ properly evaluated the medical opinion evidence.  ECF No. 19.  The Court will consider each of these arguments.

A. **Subjective Allegations**

In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue*, 479 F.3d 979 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference. *See id*.; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,*

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)" However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Schultz v. Astrue*, 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations.  (Tr. 34-41).  Indeed, the ALJ's opinion outlined Plaintiff's subjective allegations and cited inconsistencies between those allegations and the record.  *Id*.  The ALJ also noted her daily activities and set forth reasons for finding them not as limiting as described by Plaintiff.  *Id*.  In addition, the ALJ discussed Plaintiff's history of alcohol abuse.  (Tr. 37-39, 67-70).  Specifically, the ALJ noted Plaintiff testified she stopped drinking four to five months prior to the administrative hearing held on March 12, 2020; however, Plaintiff was admitted to National Park Medical Center on January 17, 2020, with an elevated alcohol level.  (Tr. 69, 857-866, 871-874).  Moreover, during Plaintiff's hospital admission in January 2020, she confirmed she consumed alcohol, she was hostile, and she was not cooperative.  (Tr. 858, 871).

The ALJ carefully summarized Plaintiff's medical records and noted how she was receiving treatment and medication for her impairments, and when she abstained from alcohol, Plaintiff appeared to improve.  (Tr. 39-40).  Based on the Court's review, there is no basis for reversal on this issue.  *See, e.g., Gulliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints … if there are inconsistencies in the record as a whole").

**B.     RFC**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 416.945(a)(1).  It is defined as the individual's capacity for work activity "on a regular and continuing basis." 20 C.F.R. § 416.945(b), (c).  A disability claimant has the burden of establishing her RFC.  *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).  The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations.  *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 416.945(a)(3).

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).  However, an ALJ is not required to adopt or include all limitations assessed by a medical source, even if the source is found to be persuasive.  *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (in making an RFC determination, "we do not require an ALJ to mechanically list and reject every possible limitation.")

Plaintiff argues the ALJ erred in her RFC determination.  ECF No. 19, pp. 16-18.  In this matter, the ALJ determined Plaintiff retained the RFC to perform a reduced range of sedentary work.  (Tr. 32, Finding 4).  As the Eighth Circuit has recognized, a limitation to sedentary work "in itself is a significant limitation."  *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005).  The

ALJ imposed additional limitations in the RFC, finding Plaintiff could not climb ladders, ropes, or scaffolds and could only occasionally climb ramps and stairs, balance, stoop, kneel crouch and crawl. (Tr. 32). The ALJ also included environmental limitations and found Plaintiff could have no exposure to unprotected heights or moving machinery and limited Plaintiff to regular breaks every two hours. *Id*.

While Plaintiff clearly suffers from some degree of pain and discomfort, she has not established she is unable to engage in any and all gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding, the mere fact working may cause pain or discomfort does not mandate a finding of disability). Even so, the ALJ gave Plaintiff the benefit of the doubt and included more limitations in his RFC determination than initially determined by the state agency consultants. The ALJ provided a thorough summary of Plaintiff's medical records and subjective allegations in this matter. An ALJ may decide within a "zone of choice," and reversal is unwarranted simply because some evidence might support a different conclusion. *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

Upon review, the Court finds no basis for reversal on this issue. The ALJ did rely upon the findings of consulting physicians, in addition to the record as a whole, when assessing her RFC. (Tr. 28-41). Such a reliance is entirely proper. *See Casey v. Astrue,* 503 F.3d 687, 692-94 (8th Cir. 2007) (recognizing an ALJ may properly rely on a state agency medical consultant's opinion over the unsupported opinions of treating and examining physicians).

### C.    Medical Opinion Evidence

Plaintiff asserts the ALJ erred in discrediting the opinion of her treating physician in giving her opinion little weight.  ECF No. 19, p. 19.  However, Plaintiff filed her application for benefits after March 2017, therefore, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 416.920c.[4]

The ALJ found the opinion of Dr. Sullivan unpersuasive in accordance with the applicable regulation, explicitly discussing the supportability and consistency factors.  20 C.F.R. § 416.920c(a)-(c) (2017); (Tr. 40-41).  The ALJ also found the opinion to be inconsistent with Dr. Sullivan's own treatment notes as her notes and other treating physicians notes reflected normal mental status examinations, limited abnormal objective findings on physical examinations, and mild to moderate findings on diagnostic studies.  (Tr. 41, 303-304, 417-420, 443-444, 516, 615-619, 634, 636, 753-754, 844-846, 916, 907-910, 923-926, 929, 975-977, 1101-1108).

Additionally, Dr. Sullivan's medical source statement was on a checkbox form with no citation to medical evidence.  *See Thomas v. Berryhill*, 881 F.3d 672, 675-676 (8th Cir. 2018) (short checkbox opinions may properly be discounted, if they are conclusory or unsupported by relevant medical evidence); *see also Kraus v. Saul*, 988 F.3d 1019, 1025 (8th Cir. 2021) (finding the ALJ properly discounted an opinion where it was rendered on a checkbox form with no explanation or citation to supporting medical findings).

---

[4] On January 28, 2017, the Administration promulgated new regulations governing how ALJ's assess medical opinion evidence.  The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors.  *See* 20 C.F.R. § 404.1520c(a)-(c) (2017).  An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole.  20 C.F.R. § 416.920c(c)(1)-(2) (2017)).  *See Phillips v. Saul*, No. 1:19-CV-34-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020).

In sum, the ALJ properly considered the supportability and consistency factors in discounting Dr. Sullivan's opinion as unpersuasive, and substantial evidence supports this finding.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of May 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE